**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| Jason Pecor,<br><br>Plaintiff,<br>v.<br><br>Hunter Warfield, Inc.,<br><br>Defendant. | Civil Action No.: 1:12-cv-00281<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Jason Pecor, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jason Pecor ("Plaintiff"), is an adult individual residing in Austin, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Hunter Warfield, Inc. ("Hunter"), is a Florida business entity with an address of 4620 Woodland Corporate Way, Tampa, Florida 33614, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to 15777 Quorum Apartments (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Hunter for collection, or Hunter was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Hunter Engages in Harassment and Abusive Tactics

10. In March 2012, Plaintiff received a collection notice from Hunter stating that Plaintiff owed a debt to the Creditor.

11. Thereafter Plaintiff contacted one of Hunter's collectors and requested that Hunter provide details related to the Debt and a copy of a bill from the Creditor.

12. The collector was rude to Plaintiff and proceeded to talk over Plaintiff demanding that Plaintiff pay the Debt.

13. Rude collector with whom Plaintiff spoke refused to transfer Plaintiff to a manager.

14. When Plaintiff inquired how he could dispute the ownership of the Debt the collectors falsely stated that Plaintiff could not do so.

15. The collectors added "You are dumb. You don't know what you are talking about." "Don't you have any values? You need to take responsibility to pay your debt."

16. Another one of Hunter's collectors threatened to ruin Plaintiff's credit report and said that Hunter would "make it hard for you [Plaintiff] to rent an apartment in the future".

17. On all three occasions when Plaintiff initiated a phone call Hunter's collectors told Plaintiff that he was wasting their time and hung up the telephone.

**C. <u>Plaintiff Suffered Actual Damages</u>**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

27. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

28. The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

29. The Defendants failed to clearly disclose the name of the debt collector or debt collection agency when making a demand for money from the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.304(4).

30. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
8. Punitive damages; and
9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 2, 2012

Respectfully submitted,

By: ______________________

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff